UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LASHALIA JENKINS | CIVIL ACTION NO. 26-cv-654 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| U S POSTAL SERVICE | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

## Introduction

Lashalia Jenkins ("Plaintiff"), who is self-represented, filed this civil action in state court against the United States Postal Service based on allegations of employment discrimination. The United States removed the case to federal court and represented in the notice of removal that no service of process had been effected upon the U.S. Attorney General or the United States Attorney for the Western District of Louisiana. Despite specific instructions on how to effect service, extensions of time, and reminders, Plaintiff has failed to make timely service. Accordingly, it is recommended that this civil action be dismissed without prejudice for lack of timely service.

## Analysis

A few days after the case was removed, the court issued an order (Doc. 4) that advised Plaintiff of her obligation under Fed. R. Civ. Pro. 4(m) to properly serve her complaint within 90 days of the filing of the notice of removal, which gave her a deadline of June 2, 2026. The order set forth the requirements of Fed. R. Civ. Pro. 4(i)(2) for service on a United States agency, which includes sending a copy of the summons and complaint

by registered or certified mail to the agency, sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C., and delivering a copy of the summons and complaint to the United States Attorney for the Western District of Louisiana, which delivery can be accomplished by sending a copy by registered or certified mail to the civil process clerk. The clerk of court issued summonses for the U.S. Postal Service, U.S. Attorney General, and U.S. Attorney. Doc. 5. All Plaintiff had to do was deliver each of those summonses along with a copy of her complaint by certified or registered mail.

Plaintiff filed a motion for extension of time to make service. The court granted the extension through July 6, 2026 and reminded Plaintiff of the requirement that she make service in compliance with Rule 4(i). Before that deadline, Plaintiff filed a blank certified mail receipt and a receipt from a local post office that indicated payment for one item of certified mail. There was no indication of what was mailed, to whom it was mailed, and whether the item was received. Doc. 11. The court issued an order (Doc. 12) that noted that the filing did not constitute evidence of valid service.

Pursuant to the court's request, the clerk of court issued a Notice of Intent to Dismiss (Doc. 13) that warned Plaintiff that this civil action was subject to dismissal pursuant to Local Rule 41.3 for failure to prosecute if good cause was not shown why service was not made on a timely basis. The notice instructed Plaintiff that if she believed there was good cause for her failure she should file within 14 days a motion for an extension of time and attempt to set forth good cause. She was warned that if no filing was made within 30 days of the notice, the civil action would be dismissed.

The 30-day period has passed. The only submission by Plaintiff in the interim is a single piece of paper (Doc. 14) that reflects a USPS tracking number for one item that was delivered on June 30, 2026. There is no indication of what was mailed or to whom it was mailed. Plaintiff has failed to satisfy her obligation to make timely service or establish good cause for an additional extension of time.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013). The court earlier granted an extension, it expired, and Plaintiff has not even attempted to show good cause.

The court warned Plaintiff of her Rule 4(m) obligation early in the case and advised her of the original deadline for completion of service. The court also issued specific instructions on how to properly make service. When Plaintiff's efforts at service were noted to be deficient, the court issued an order that pointed this out and gave suggestions on how to properly serve the complaint. Plaintiff was warned that failure to timely file evidence of proper service could lead to dismissal of this civil action, but the record contains no indication that Plaintiff has taken the necessary steps to complete service. Dismissal without prejudice is warranted under these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to make timely service.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of October, 2026.

Mark L. Hornsby
U.S. Magistrate Judge